# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JERRY FERRIS, ) | 1:06-CV-00839 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| ) | [Doc. #8] |
| JEANNE WOODFORD, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on April 12, 2004, of kidnaping, assault with a deadly weapon, attempted criminal threats, and infliction of corporal injury on a spouse. It was also found that Petitioner had personally used a knife during the commission of the offenses. Petitioner was sentenced to serve a total determinate prison

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

1 term of nine years.

2   Petitioner thereafter appealed the conviction. On July 27, 2005, the California Court of
3 Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction.

4   On August 4, 2005, Petitioner filed a petition for review with the California Supreme Court.
5 Review was summarily denied by the California Supreme Court on September 28, 2005.

6   Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on
7 June 28, 2006. The petition is still pending.

8   On June 30, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court.
9 Petitioner raises the following four grounds for relief: (1) "Weather [sic] the prosecution must prove,
10 at jury trial that a criminal defendant was san[e] at the time of the offense beyond a reasonable doubt
11 under the 6th and 14 amendments to the United States Constitution, where the defendant has
12 presented substantial evidence that he is legal insane at the time of the offense"; 2) "Does the
13 California determinate sentencing law, as applied by trial court, and upheld by the court of appeal
14 and the Supreme Court of California violate the defendants sixth amendment right to a jury trial
15 under the United States Constitution by allowing the judge, rather than a jury, to find factors used to
16 support imposition of the upper upper [sic] term of imprisonment"; 3) "Ineffective of appeals
17 council"; and 4) "Jury misconduct."

18   On November 7, 2006, Respondent filed a motion to dismiss the petition as a mixed petition
19 containing exhausted and unexhausted claims.

20   On December 4, 2006, Petitioner filed a motion to stay the proceedings.

21 **DISCUSSION**

22 A.  Procedural Grounds for Motion to Dismiss

23   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
24 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
25 entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules
26 Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the
27 attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth
28 Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

1  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing
2  § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d
3  599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).
4  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's
5  motion for dismissal pursuant to its authority under Rule 4.
6  B.  Exhaustion of State Remedies
7      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
8  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
9  exhaustion doctrine is based on comity to the state court and gives the state court the initial
10 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
11 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
12 1163 (9th Cir. 1988).
13     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
14 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
15 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
16 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
17 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
18 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
19 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
20     Additionally, the petitioner must have specifically told the state court that he was raising a
21 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
22 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
23 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court
24 reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner

wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner raises four grounds for relief.  Respondent concedes that Grounds One and Two are exhausted; however, Respondent argues that Grounds Three and Four have not been ruled on by the California Supreme Court and are therefore unexhausted.  Petitioner concedes the two grounds are unexhausted and requests a stay of the proceedings.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760.  However, the mixed petition may be stayed if Petitioner can demonstrate good cause for his failure to exhaust his claims first in the state court. Rhines v. Weber, 544 U.S. 269 (2005). In the instant case, Petitioner has not made a showing of good cause. Therefore, the mixed petition should be dismissed.[2] Rose,

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made

455 U.S. at 521-22.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus be GRANTED, Petitioner's Motion for Stay be DENIED, and the Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within ten (10) court days (plus three days if served by mail) after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 7, 2006**                          **/s/ Sandra M. Snyder**
icido3                                                              UNITED STATES MAGISTRATE JUDGE

---

aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.