UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY JERRY FERRIS, | ) | 1:06-CV-0839 LJO JMD HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| JEANNE WOODFORD, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Fresno County Superior Court. A jury convicted him of kidnaping, assault with a deadly weapon, attempted criminal threats, and infliction of corporal injury on a spouse. The jury also found that Petitioner had personally used a knife during the commission of his crimes. The trial court sentenced Petitioner to nine years in state prison. (Answer at 1-2.)

Petitioner filed an appeal in the California Court of Appeal. The court affirmed the judgment. (Answer at 2; Lodged Docs. 1-2.)

Petitioner filed a petition for review in the California Supreme Court. The court summarily denied review. (Answer at 2; Petition, Ex. A; Lodged Doc. 3.)

On June 30, 2006, Petitioner filed the instant petition in this Court. The petition raises the following four grounds for relief: 1) Petitioner's rights were violated when the trial court determined that the prosecution did not have to prove his sanity beyond a reasonable doubt; 2) Petitioner's rights were violated when the trial court imposed an upper-term sentence based on facts not admitted by Petitioner or found by the jury beyond a reasonable doubt; 3) Petitioner's rights were violated by the trial court's failure to properly address an instance of jury misconduct; and 4) ineffective assistance of appellate counsel.

On July 24, 2007, Respondent filed an answer to the petition.

On October 16, 2007, Petitioner filed a traverse to the answer.

## FACTUAL BACKGROUND[1]

Petitioner and his wife Julie were separated. She had filed for divorce and had obtained a restraining order against Petitioner. On January 15, 2002, as Julie was driving to work, she stopped at a stop sign. Petitioner opened the passenger door and got inside the truck. Petitioner was wearing a disguise. Julie struggled with Petitioner; he produced a knife and held it to her throat. Petitioner instructed Julie to drive and threatened to kill her. After approximately one mile, Petitioner removed the knife from Julie's throat. She slammed on the brakes. Three good samaritans, who had observed the attack and followed Julie's vehicle, came to her aid. They struggled with Petitioner, allowing Julie to escape. Petitioner was able to drive off in the truck.

At trial on the issue of sanity, the defense presented evidence aimed at establishing that Petitioner suffered from chronic paranoid schizophrenia and, as a result of his delusions, he failed to understand the difference between right and wrong.

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

---

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of June 27, 2005 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 2.

375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II. Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words,

'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

    **A.  Ground One**

    Petitioner argues that his rights were violated when the trial court determined that the prosecution did not have to prove his sanity beyond a reasonable doubt.

    This claim was presented in an appeal to the California Court of Appeal, which affirmed Petitioner's conviction in a reasoned opinion. (Lodged Docs. 1-2.)  The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review.  (Petition, Ex. A; Lodged Doc. 3.)  The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

    In rejecting Petitioner's claim, the Court of Appeal found that, because sanity is not an element of a criminal offense, and because it is not used to impose a higher sentence than was authorized by the jury's verdict alone, the prosecution was not required to prove it beyond a reasonable doubt.  (Lodged Doc. 2 at 3-8.)

    The United States Supreme Court has held that due process is not violated by requiring a criminal defendant to bear the burden of proof with respect to an insanity defense.  Leland v. State of Or., 343 U.S. 790, 799-800 (1952); Patterson v. New York, 432 U.S. 197, 206 (1977) ("[O]nce the facts constituting a crime are established beyond a reasonable doubt . . . the State may refuse to sustain the affirmative defense of insanity unless demonstrated by a preponderance of the evidence.").  The Court has similarly held that due process is not violated when a defendant is required to bear the burden of proof on other affirmative defenses such as "act[ing] under the influence of extreme emotional disturbance for which there was a reasonable explanation."  Patterson, 432 U.S. at 206.  Under California law, the burden of proving insanity is placed solely upon the defendant.  People v. Weaver, 26 Cal.4th 876, 969 (2001); Cal. Penal Code § 25(b).

    Petitioner argues, however, that recent Supreme Court cases such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002), have impliedly overruled *Leland* and *Patterson*.  Petitioner points to Justice O'Connor's dissent in *Apprendi*, which questioned whether *Patterson* was effectively overruled.  Apprendi v. New Jersey, 530 U.S. 466, 531, 544

(2000) (O'Connor, J., dissenting). He also points to the fact that *Ring* overruled *Watson v. Arizona*, which cited both *Patterson* and *Leland* as authority. <u>Ring v. Arizona</u>, 536 U.S. 584, 609 (2002); <u>Walton v. Arizona</u>, 497 U.S. 639, 650 (1990).

The state court's determination was not contrary to or an unreasonable application of Supreme Court law. The fact that the Supreme Court overruled *Watson*, which relied in part on *Patterson* and *Leland*, does not mean that *Patterson* and *Leland* are no longer good law. Further, in *Leland*, the Supreme Court addressed the specific issue raised by Petitioner and found that there was no constitutional violation because sanity was not an element of the charged offense. <u>Leland v. State of Or.</u>, 343 U.S. 790, 799 (1952) ("We have seen that, here, Oregon required the prosecutor to prove beyond a reasonable doubt every element of the offense charged. Only on the issue of insanity as an absolute bar to the charge was the burden placed upon appellant."). While *Apprendi* and *Ring* require the prosecution to prove beyond a reasonable doubt aggravating factors that are used either to trigger a death sentence or increase a sentence beyond the maximum authorized by a jury verdict, neither case impliedly overruled the holding of *Leland* relating to the allocation of the burden of proof for an insanity defense. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); <u>Ring v. Arizona</u>, 536 U.S. 584, 609 (2002) ("[W]e overrule *Walton* to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty. Because Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' the Sixth Amendment requires that they be found by a jury.") (citations omitted).

**B. Ground Two**

Petitioner argues that his rights were violated when the trial court imposed an upper-term sentence based on facts not admitted by Petitioner or found by the jury beyond a reasonable doubt.

This claim was presented in an appeal to the California Court of Appeal, which affirmed Petitioner's conviction in a reasoned opinion. (Lodged Docs. 1-2.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Petition, Ex.

A; Lodged Doc. 3.)  The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal, citing the California Supreme Court's decision in *People v. Black*, 35 Cal.4th 1238 (2005), found that imposition of the upper term was constitutional because it was within the range authorized by statute.  (Lodged Doc. 2 at 8-11.)

Initially, Respondent argues that Petitioner is not entitled to habeas relief on this claim because granting such relief would violate the retroactivity rule set forth in *Teague v. Lane*, 489 U.S. 288 (1989).  The Ninth Circuit Court of Appeals, however, has rejected this argument.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

In *Butler v. Curry*, the Ninth Circuit found that a September 28, 2005 opinion of the California Court of Appeal, which denied relief on a Sixth Amendment claim based entirely on the reasoning of *People v. Black*, 35 Cal.4th 1238 (2005), was contrary to clearly established Supreme Court precedent.  In *Black*, the California Supreme Court found that the imposition of an upper term did not violate a defendant's right to a jury trial under the principles set forth in *Apprendi*, *Blakely*, and *Booker* because the upper term was the statutory maximum and because California's determinate sentencing law only authorized courts to engage in the type of factfinding that traditionally had been incident to a judge's selection of an appropriate sentence.  People v. Black, 35 Cal.4th 1238, 1254 (2005).  The Ninth Circuit in *Butler* found that the rule applied in *Black* was contrary to established federal law as it was "nowhere to be found in Supreme Court precedent."  Butler v. Curry, 528 F.3d 624, 640 (9th Cir. 2008).

Here, the last reasoned state court adjudication of Petitioner's claim is the June 27, 2005 opinion of the Court of Appeal, which was issued only seven days after the California Supreme Court's decision in *Black*.  In denying Petitioner's claim, the Court of Appeal relied on the same reasoning set forth in *Black*, which the Ninth Circuit found to be contrary to established Supreme Court precedent at the time.  Accordingly, in this case, the Court of Appeal's opinion was contrary to established Supreme Court precedent.  This Court must therefore review the substantive constitutionality of Petitioner's claim de novo.  Frantz v. Hazey, 2008 WL 2600143, *9 (9th Cir.

2008) (stating that, once a federal habeas court concludes that § 2254(d)(1) is satisfied, it must review the substantive constitutionality of the state custody de novo).

While the imposition of an upper term based on aggravating factors not found by the jury generally violates the Sixth Amendment, the Supreme Court has retained an exception for findings of a defendant's prior convictions. Cunningham v. California, 127 S.Ct. 856, 868 (2007); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Further, "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence." Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). For that reason, if at least one of the aggravating factors on which the judge relied in sentencing was established in a manner consistent with the Sixth Amendment, the sentence does not violate the Constitution. Id.

Here, in selecting the upper term, the trial judge relied on the fact that the crime involved great violence and a high degree of cruelty, the vulnerability of the victim, the fact that the crime involved planning and sophistication, and Petitioner's prior convictions which had increased in seriousness. (RT at 5728.) The court's selection of the upper term did not violate Petitioner's rights, as the finding regarding his prior convictions was sufficient on its own to authorize imposition of an upper term. See Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). The fact that the court may have also considered other factors not falling within the prior conviction exception does not affect the analysis. See id. at 648-49 ("[T]he relevant question [regarding a Sixth Amendment sentencing violation] is not what the trial court would have done, but what it legally could have done. After one aggravating factor was validly found, the trial court legally could have imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.").

**C. Ground Three**

Petitioner argues that his rights were violated by the trial court's failure to properly address an instance of jury misconduct. Petitioner claims that the trial court should have declared a mistrial or excused all three jurors who discussed the case outside the presence of the other jurors.

This claim was raised in a petition for review to the California Supreme Court, which

summarily denied review. (Court Doc. 17 at 2.) When the state court reaches a decision on the merits but provides no reasoning to support its conclusion, we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). However, although we independently review the record, we still defer to the state court's ultimate decision. Id.

"Because even a single partial juror violates a defendant's constitutional right to a fair trial, a judge must always act to diligently preserve that right." U.S. v. Angulo, 4 F.3d 843, 848 (9th Cir. 1993). "A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances. . . . [D]ue process requires only that all parties be represented, and that the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality. So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's findings based on that investigation are entitled to a presumption of correctness." Dyer v. Calderon, 151 F.3d 970, 974-75 (9th Cir. 1998) (citations omitted); see also U.S. v. Klee, 494 F.2d 394, 396 (9th Cir. 1974) (finding that premature jury discussion did not necessitate a new trial because the discussion did not prevent the defendant from receiving a fair trial).

Here, after being informed that several jurors had talked about the case during a break, the trial court obtained testimony from the person who overheard the conversation. It was established that Juror Four made statements to the effect that she believed Petitioner was guilty, while Jurors Six and Twelve listened. (RT at 1540-44, 1551-52.) The trial court then individually questioned the three jurors involved in the conversation. Juror Four admitted that she had expressed a belief that Petitioner was guilty. (RT at 1544-46.) Juror Six stated that she could not recall what was said, while Juror Twelve acknowledged that Juror Four had expressed her belief that Petitioner was guilty. (RT at 1546-50.) Jurors Six and Twelve stated that they could still be impartial. (RT at 1547, 1550.)

The trial court then excused Juror Four, since she had expressed a belief in Petitioner's guilt, and Juror Six, since the trial court thought she was not fully candid in stating she did not remember what had been said by Juror Four. (RT at 1553.) After replacing the two excused jurors, the trial court individually questioned the remaining jurors about whether they had discussed the case and

whether they could be impartial.  (RT at 1553-67.)  The trial court denied Petitioner's request for a mistrial finding that the jurors seemed serious and truthful in stating that no other misconduct had taken place and that they could be fair to both sides.  (RT at 1568-69.)  The trial court then admonished all the jury members to refrain from prematurely discussing the case.  (RT at 1569-70.)

The record shows that the trial court, in consultation with counsel for Petitioner and the prosecution, undertook a serious and thorough investigation into the facts surrounding the alleged jury misconduct.  Petitioner has not established that the questioning of the jurors and the subsequent dismissals and admonitions were insufficient to afford him a fair trial.

**D.  Ground Four**

Petitioner argues that his appellate counsel was ineffective in not raising the juror misconduct claim on appeal.

This claim was raised in a petition for review to the California Supreme Court, which summarily denied review.  (Court Doc. 17 at 2.)  When the state court reaches a decision on the merits but provides no reasoning to support its conclusion, we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law.  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  However, although we independently review the record, we still defer to the state court's ultimate decision.  Id.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to the two-pronged test set forth in *Strickland*. See, e.g., Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986).  A defendant must therefore show that appellate counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, defendant would have prevailed on appeal.  Miller, 882 F.2d at 1434 & n.9; Birtle, 792 F.2d at 849.  However, appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant.  Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Miller, 882 F.2d at 1434 n.10.  The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.  Miller, 882 F.2d at 1434.  As a result, appellate

counsel will frequently remain above an objective standard of competence and have caused his client no prejudice for the same reason - because he declined to raise a weak issue. Id.

Petitioner has not shown deficient performance by counsel or prejudice, as, for the reasons discussed above, he has not shown a reasonable probability that his jury misconduct claim would have been successful if raised on appeal.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 15, 2008**          /s/ John M. Dixon
                                       UNITED STATES MAGISTRATE JUDGE